In the Matter of the Estate of GEORGE D. COCHRAN, Deceased.

Surrogate's Court, New York County, January 11, 1938.

*Leon R. Jillson*, for the executors, petitioners.

*Robert T. Oliver*, for Rosemary Cochrane, objector.

*Henry A. Thellusson*, special guardian.

FOLEY, S. The compensation of the attorney-executor for legal services rendered by him is fixed and allowed in the sum of $25,000. Such amount is inclusive of all services rendered to the date of the making of the decree in the pending accounting proceeding.

The original request of the attorney was for a payment on account of his entire fee for services rendered in the administration of

the estate. Upon the hearing this request was duly amended to provide for compensation for a fixed period during which the services were rendered and the above determination has been made with a limitation as to time.

It is not the appropriate or usual practice in this court in the ordinary estate to authorize or countenance partial payments on general account of an attorney's compensation in an intermediate accounting. The customary practice is to fix the value of the services rendered up to the last date set forth in the account, or up to the date of the decree. Thereby the finality and the conclusiveness of the decree settling the intermediate account are obtained. Misunderstanding on the part of the attorney and of the beneficiaries is avoided. Moreover, by a present determination of the exact compensation previously earned, the necessity in the subsequent final accounting of the executors for a hearing on all the services rendered during the entire period of the administration of the estate is obviated. In the later accounting, under the customary practice, the balance of compensation need only be fixed for the services rendered subsequent to the period for which allowance had already been made. Exceptional cases are sometimes presented where the residuary legatees or beneficiaries, all adults, who bear the expense of the attorney's compensation, have consented to a fee for the entire administration of the estate and to the method of partial payments set forth in the intermediate account of the executors. That situation is not here. In the fixation of the amount awarded to the attorney-executor, the surrogate has based his determination upon the items of professional legal services only and has eliminated from consideration any items of service of an executorial character.

The personal claim of the coexecutor, the Guaranty Trust Company, is allowed as set forth in the account.

The personal claim of the individual coexecutor for services rendered to the decedent in his lifetime and for disbursements is allowed in the sum of $4,221.25.

The first and second objections of Rosemary Cochrane, as to commissions, are overruled. The third and fourth objections are overruled. The fifth objection relating to the general computation of commissions is reserved for the settlement of the decree, when such commissions may be properly computed and allowed. As to the remaining issue, in accordance with the directions of the surrogate upon the hearing, no part of the amount of the settlement of the claim of Margaret Morrison shall be charged against the share of an infant.

Submit decree on notice settling the account accordingly.